AO 440 (Rev. 05/00) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
### NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Tonia Jewell-Vines, et al,

V.

Allstate Insurance Company,

CASE NUMBER: 1:23-cv-04385

ASSIGNED JUDGE: Honorable Charles P. Kocoras

DESIGNATED MAGISTRATE JUDGE: Honorable M. David Weisman

TO: (Name and address of Defendant)

Allstate Insurance Company
3100 Sanders Road
Northbrook, Illinois 60062

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, ____21____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

THOMAS G. BRUTON, CLERK

*(signature)*

(By) DEPUTY CLERK

July 10, 2023

DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

## RETURN OF SERVICE

| | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE July 11, 2023 |
| NAME OF SERVER *(PRINT)* Rachel Wollenschlager | TITLE Paralegal |

*Check one box below to indicate appropriate method of service*

☒ Served personally upon the defendant. Place where served: CT Corporation System, at 208 S. LaSalle Street, Suite 814, Chicago, IL 60603

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

☐ Other (specify): _____

### STATEMENT OF SERVICE FEES

| TRAVEL | SERVICES | TOTAL |
|---|---|---|
| | | |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on 7/11/2023
*Date*          *Signature of Server*

55 W. Monroe St, Suite 3390, Chicago, IL 60603
*Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



**SOP Intake** Portal

**Date:** Tue, Jul 11, 2023

**Time:** 4:10 PM

**Name:** Rachel Wollenschlager

**Phone:** 312-726-1092

**Juris Served:** IL

**Job ID:** 317591

**Total Entries:** 1

Receipt of the following documents at the date, time and location indicated above.

| Entity Served | Agent Name | Case No. | File Name |
|---|---|---|---|
| Allstate Insurance Company | | 23-cv-04385 | Jewell-Vines - Summons, Complaint & Civil Coversheet.pdf |

Intake Specialist: Derrick Hackett

CT Corporation, a Wolters Kluwer Company

# UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

**SUMMONS IN A CIVIL CASE**

Tonia Jewell-Vines, et al,

CASE NUMBER: 1:23-cv-04385

V.

ASSIGNED JUDGE: Honorable Charles P. Kocoras

Allstate Insurance Company,

DESIGNATED
MAGISTRATE JUDGE: Honorable M. David Weisman

TO: (Name and address of Defendant)

Allstate Insurance Company
3100 Sanders Road
Northbrook, Illinois 60062

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, IL 60603

an answer to the complaint which is herewith served upon you, ____21____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

THOMAS G. BRUTON, CLERK

(By) DEPUTY CLERK

July 10, 2023

DATE

AO 440 (Rev. 05/00) Summons in a Civil Action

| RETURN OF SERVICE | |
|---|---|
| Service of the Summons and complaint was made by me[(1)] | DATE |
| NAME OF SERVER (PRINT) | TITLE |
| Check one box below to indicate appropriate method of service | |

☐ Served personally upon the defendant. Place where served: _____

_____

☐ Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

☐ Returned unexecuted: _____

_____

_____

☐ Other (specify): _____

_____

_____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|
| I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct. |

Executed on _____    _____
            Date              Signature of Server

                              _____
                              Address of Server

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSEPH BOND, BARBARA DURANT, TONIA JEWELL-VINES, & WILLIAM KROLL on behalf of themselves and others similarly situated, | : : : : Case No.: 1:23-cv-04385 |
| Plaintiff, | : : |
| v. | : **JURY DEMAND** |
| ALLSTATE INSURANCE COMPANY, | : : : |
| Defendant. | : |

## CLASS ACTION COMPLAINT

### Preliminary Statement

1. Plaintiffs Joseph Bond ("Bond"), Barbara Durant ("Durant"), William Kroll ("Kroll"), & Tonia Jewell-Vines ("Jewell-Vines") ("Plaintiffs") bring this action to enforce the consumer-privacy provisions of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 after receiving unsolicited telemarketing calls promoting the sale of Defendant Allstate Insurance Company's ("Allstate's") insurance products.

2. Because telemarketing campaigns generally place calls to hundreds, thousands, or even millions of potential customers *en masse*, Plaintiffs bring this action against Allstate on behalf of a proposed class of persons who received similar unsolicited telemarketing calls promoting the sale of Allstate insurance products.

3. A class action is the best means of obtaining redress for the Allstate's wide scale illegal telemarketing and is consistent both with the private rights of action afforded by the TCPA, and the fairness and efficiency goals of Rule 23 of the Federal Rules of Civil Procedure.

## Parties

4. Bond is a natural person who resided in Georgia at all relevant times.

5. Durant is a natural person who resided in Missouri at all relevant times.

6. Kroll is a natural person who resided in New York at all relevant times.

7. Jewell-Vines is a natural person who resided in Maryland at all relevant times.

8. Allstate is an Illinois corporation with its principal place of business in this District at all relevant times.

## Jurisdiction & Venue

9. The Court has federal question subject matter jurisdiction over the claims. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

10. Venue is proper pursuant to 28 U.S.C. § 1391(b)(1) because Allstate resides in this district

## Factual Allegations Concerning Allstate

11. Allstate engages in widespread unsolicited telemarketing to promote the sale of its insurance products.

12. Allstate engages insurance agents across the country to conduct that telemarketing on its behalf and authorizes those insurance agents to place telemarketing calls on Allstate's behalf and subject to Allstate's control, including prerecorded telemarketing calls and calls to numbers registered on the National Do-Not-Call list

13. Allstate is extensively involved in the operations of its insurance agents.

14. Allstate requires its insurance agents to follow detailed standards.

15. Allstate sets the standards its insurance agents must follow.

16. Allstate has the ability, at any time without prior notice to its insurance agents, to change the standards its insurance agents must follow.

17. From time to time, Allstate changes the standards its insurance agents must follow.

18. Allstate has the right to monitor its insurance agents' compliance with Allstate's standards and terminate the agency relationship for noncompliance.

19. Allstate sets new customer growth targets for its insurance agents.

20. Allstate monitored and periodically assessed its insurance agents' performance.

21. Allstate authorized its insurance agents to hire certain telemarketing vendors that Allstate expressly approved ("Allstate Approved Vendors") to act as sub-agents and place the telemarketing calls on Allstate's behalf and subject to Allstate's control, including prerecorded telemarketing calls and calls to numbers registered on the National Do-Not-Call list

22. Prior to granting approval, Allstate investigated the telemarketing practices of the Allstate Approved Vendors and approved of those practices.

23. At all relevant times, Allstate was aware that the Allstate Approved Vendors placed prerecorded telemarketing calls promoting Allstate's insurance products and Allstate approved that conduct.

24. At all relevant times, Allstate was aware that the Allstate Approved Vendors placed telemarketing calls to numbers registered on the National Do-Not-Call List and Allstate approved that conduct.

25. At all relevant times, Allstate was aware that the Allstate Approved Vendors placed telemarketing calls to persons who had not provided Allstate with express written consent to receive such calls and Allstate approved that conduct.

Case: 1:23-cv-04385 Document #: 51 Filed: 07/12/23 Page 3 of 18 PageID #:23

26. It was common for Allstate to discuss the Allstate Approved Vendors with its insurance agents during meetings with its insurance agents.

27. Allstate set up meetings between its insurance agents and the Allstate Approved Vendors for the vendors to pitch their services. Allstate invited its insurance agents to attend those meetings, and Allstate participated in those meetings.

28. Allstate's insurance agents maintained interim control over the telemarketing conduct of the Allstate Approved Vendors for calls promoting Allstate's insurance products.

29. The insurance agents specified to the Allstate Approved Vendors the geographic parameters for the leads they could telemarket to, the specific type(s) of Allstate insurance to promote, the number of leads to generate, and the times in which to call.

30. The Allstate insurance agents instructed the vendors whether to provide the lead's contact information to the agency for a callback, or transfer the calls "live" to the agency and to what specific telephone number(s).

31. The Allstate insurance agents had the right to terminate their relationships with the Allstate Approved Vendors.

32. The Allstate insurance agents had the ability to make interim changes to the call specifications.

33. The Allstate insurance agents changed various call specifications from time to time.

34. The Allstate insurance agents sold Allstate insurance policies to leads generated by the illegal telemarketing calls placed by the Allstate Approved Vendors, thereby enlarging Allstate's customer base, and insurance premiums were collected for those insurance policies.

35. When an Allstate insurance agent sells an Allstate insurance policy as a result of illegal telemarketing calls and a premium is collected on that policy, Allstate receives a portion of the premium and the Allstate insurance agent receives a portion of the premium

36. Allstate knowingly accepted the benefits of the illegal telemarketing calls, both in the form of advertising benefits that Allstate obtained during the calls themselves and in collection of premium payments resulting from any sales made from those calls

37. This is not the first lawsuit against Allstate alleging TCPA violations that arise from calls placed by an Allstate Approved Vendor. Indeed, Allstate previously settled a class action in this District concerning calls placed by one such vendor. See 19-cv-06662 (Gebka v. Allstate Insurance Company)

38. Accordingly, Allstate has been on notice since at least 2019 that the Allstate Approved Vendors are violating the TCPA on Allstate's behalf, yet Allstate has allowed the violations to continue.

**Factual Allegations Concerning Bond**

39. On June 15, 2023, an Allstate approved vendor placed an unsolicited and prerecorded telemarketing call to Bond's telephone number (252-509-XXXX).

40. This call used a prerecorded, robotic sounding voice to promote the sale of Allstate's automobile insurance.

41. After the call, an Allstate representative with an Allstate.com email address emailed Bond to follow up on the call with a written proposal for the sale of Allstate's automobile insurance.

42. Bond's telephone number (252-509-XXX) was at all relevant times a residential number assigned to cellular telephone service.

5

43. Bond added the number to the National Do Not Call Registry on April 3, 2020.

44. Bond had not consented to receive the call or otherwise invited the call.

### Factual Allegations Concerning Durant

45. On October 27, 2023, an Allstate approved vendor placed an unsolicited and prerecorded telemarketing call to Durant's telephone number (816-210-XXXX)

46. This call used a prerecorded, robotic sounding voice to promote the sale of Allstate's health insurance.

47. Durant's telephone number was at all relevant times a residential number assigned to cellular telephone service.

48. Durant added the number to the National Do Not Call Registry on October 28, 2003.

49. Durant had not consented to receive the call or otherwise invited the call.

### Factual Allegations Concerning Kroll

50. Between September 2022 and December 2022, an Allstate approved vendor placed numerous unsolicited telemarketing calls to Kroll's telephone number (845-591-XXXX).

51. When Kroll answered these calls, a live representative promoted the sale of Allstate's automobile insurance

52. During these calls, Kroll repeatedly told the live representative that he did not wish to receive further calls but the calls continued.

53. Kroll's telephone number was at all relevant times a residential number assigned to cellular telephone service.

54. Kroll added the number to the National Do Not Call Registry on January 24, 2006.

55. Kroll had not consented to receive the calls or otherwise invited the calls.

**Factual Allegations Concerning Jewell-Vines**

56. In February 2023, an Allstate approved vendor placed numerous unsolicited telemarketing calls to Jewell-Vines's telephone number (301-609-XXXX)

57. When Jewell-Vines answered these calls, a live representative promoted the sale of Allstate's automobile insurance

58. After one of these calls on February 17, 2023, an Allstate representative with an Allstate.com email address emailed Jewell-Vines to follow up on the call with a written proposal for the sale of Allstate's automobile insurance.

59. Jewell-Vines's telephone number was at all relevant times a residential number assigned to cellular telephone service.

60. Jewell-Vines added the number to the National Do Not Call Registry on May 24, 2008.

61. Jewell-Vines had not consented to receive the calls or otherwise invited the calls.

62. At all relevant times, Allstate failed to maintain adequate policies, procedures, and training to ensure that it did not place an unlawful number of calls to numbers registered on the national do-not-call registry.

63. Allstate harmed Plaintiffs and all members of the classes defined below because the calls invaded their privacy, occupied their telephone lines, and wasted their time.

**Class Action Allegations**

64. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Bond and Durant bring this action on behalf of the following class:

> Prerecorded Call Class
> All persons within the United States subscribing to (a) a cellular telephone number to which (b) an Allstate Approved Vendor placed a phone call (c) using a prerecorded voice and (d) promoting the sale of Allstate's insurance

7

products (e) who had not signed a written agreement authorizing the calls (f) on a date no earlier than the date that is four years prior to the filing of this action.

65. As authorized by Rule 23 of the Federal Rules of Civil Procedure, Plaintiffs Kroll and Jewell-Vines bring this action on behalf of the following class:

Do-Not-Call Class
All persons within the United States subscribing to (a) a residential or cellular telephone number to which (b) an Allstate Approved Vendor placed at least two telephone solicitation calls during a 12-month period; (c) promoting Defendant's products or services (c) when the number had been registered on the do-not-call list for at least 30 days prior to the first call (d) without a written agreement between Allstate and the called party authorizing the calls and (e) where the last call was made no earlier than the date that is four years prior to the filing of this action

66. Excluded from the classes are the Defendant, and any entities in which the Defendant has a controlling interest, the Defendant's agents and employees, any judge to whom this action is assigned, and any member of such judge's staff and immediate family.

67. The classes as defined above are identifiable through phone records and phone number databases.

68. The potential class members number at least in the hundreds. Individual joinder of these persons is impracticable.

69. Plaintiffs Bond and Durant are members of the Prerecorded Call Class.

70. Plaintiffs Kroll and Jewell-Vines are members of the Do-Not-Call Class

71. There are questions of law and fact common to Plaintiffs and to the proposed classes, including but not limited to the following:

    a. Whether Allstate is vicariously liable for the calls placed by the Allstate Approved Vendors;

b. Whether the calls at issue used a prerecorded voice;

c. Whether the calls at issue qualify as telemarketing or telephone solicitations;

d. Whether Allstate and the Allstate Approved Vendors maintained adequate policies, procedures, and training to ensure they did not place an unlawful number of calls to numbers on the National Do Not Call Registry;

e. Whether Defendant's calls were solicitations;

72. Plaintiffs' claims are typical of the claims of class members.

73. Plaintiff are adequate representatives of the classes because their interests do not conflict with the interests of the classes, they will fairly and adequately protect the interests of the classes, and they are represented by counsel skilled and experienced in class actions, including TCPA class actions.

74. The actions of the Defendant are generally applicable to the classes as a whole and to Plaintiffs.

75. Common questions of law and fact predominate over questions affecting only individual class members, and a class action is the superior method for fair and efficient adjudication of the controversy. The only individual question concerns identification of class members, which will be ascertainable from records maintained by Defendant and/or its agents.

76. The likelihood that individual members of the classes will prosecute separate actions is remote due to the time and expense necessary to prosecute an individual case.

## Legal Claims

**Count One (Plaintiffs Bond and Durant on Behalf of the Prerecorded Call Class)**
**Violations of the TCPA's Prerecorded Call Provisions**

77. Plaintiffs Bond and Durant incorporate the allegations from all previous paragraphs as if fully set forth herein

78. Allstate violated 47 U.S.C. § 227(b)(1)(A) and 47 C.F.R. § 64.1200(a)(2) by causing prerecorded calls promoting Allstate's insurance products to be placed to Plaintiffs and the members of the Prerecorded Call Class, without prior express written and signed consent

79. Allstate's violations were knowing and/or willful

80. The TCPA provides a private right of action for these claims pursuant to 47 U.S.C. § 227(b)(3).

**Count Two (Plaintiffs Kroll and Jewell-Vines on Behalf of the Do-Not-Call Class)**
**National Do-Not-Call Registry Provisions**

81. Plaintiffs Kroll and Jewell-Vines incorporate the allegations from all previous paragraphs as if fully set forth herein.

82. Allstate violated 47 U.S.C. § 227(c) and 47 C.F.R. § 64.1200(c)(2) by causing the initiation of multiple solicitation calls within a 12-month period to residential telephone numbers despite their registration on the National Do Not Call Registry and without signed, written prior express invitation or permission with Allstate.

83. Allstate's violations were knowing and/or willful.

84. The TCPA provides a private right of action for these claims pursuant to 47 U.S.C. § 227(c)(5).

**Relief Sought**

For themselves and all Classes members, Plaintiffs request the following relief:

A. Certification of the proposed Classes;

B. Appointment of Plaintiffs as representative of the Classes;

C. Appointment of the undersigned counsel as counsel for the Classes;

10

    D.      A declaration that Defendant and/or its affiliates, agents, and/or other related entities' actions complained of herein violate the TCPA;

    E.      An order enjoining Defendant and/or its affiliates, agents, and/or other related entities, as provided by law, from using pre-recorded messages and calling persons on the National Do-Not Call Registry;

    F.      An award to Plaintiffs and the Classes of statutory damages, as allowed by law;

    G.      Leave to amend this Complaint to conform to the evidence presented at trial; and

    H.      Orders granting such other and further relief as the Court deems necessary, just, and proper.

**Plaintiffs request a jury trial as to all claims of the complaint so triable.**

                              PLAINTIFF,
                              By his attorneys

                              */s/ Timothy J. Sostrin*
                              Timothy J. Sostrin
                              Keith J. Keogh
                              KEOGH LAW, LTD.
                              55 W. Monroe St. Suite 3390
                              Chicago, IL 60603
                              tsostrin@KeoghLaw.com

# CIVIL COVER SHEET

The ILND 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(See instructions on next page of this form.)*

## I. (a) PLAINTIFFS

**DEFENDANTS**

**(b)** County of Residence of First Listed Plaintiff
*(Except in U.S. plaintiff cases)*

County of Residence of First Listed Defendant
*(In U.S. plaintiff cases only)*
Note: In land condemnation cases, use the location of the tract of land involved.

**(c)** Attorneys *(firm name, address, and telephone number)*

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Check one box, only.)*

☐ 1 U.S. Government Plaintiff
☐ 2 U.S. Government Defendant
☐ 3 Federal Question *(U.S. Government not a party.)*
☐ 4 Diversity *(Indicate citizenship of parties in Item III.)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(For Diversity Cases Only.)*
*(Check one box, only for plaintiff and one box for defendant.)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Check one box, only.)*

| CONTRACT | TORTS | | PRISONER PETITIONS | LABOR | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 510 Motions to Vacate Sentence | ☐ 710 Fair Labor Standards Act | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 530 General | ☐ 530 General | ☐ 720 Labor/Management Relations | ☐ 376 Qui Tam (31 USC 3729 (a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability ☐ 320 Assault, Libel & Slander | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 535 Death Penalty **Habeas Corpus:** | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 330 Federal Employers' Liability ☐ 340 Marine | | | ☐ 740 Railway Labor Act | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 345 Marine Product Liability ☐ 350 Motor Vehicle | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 540 Mandamus & Other ☐ 550 Civil Rights | ☐ 751 Family and Medical Leave Act | ☐ 430 Banks and Banking ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 355 Motor Vehicle Product Liability | | ☐ 555 Prison Condition 560 Civil Detainee - | ☐ 790 Other Labor Litigation ☐ 791 Employee Retirement | ☐ 460 Deportation ☐ 470 Racketeer Influenced |
| ☐ 152 Recovery of Defaulted Student Loan (Excludes Veterans) | ☐ 360 Other Personal Injury 362 Personal Injury - Medical Malpractice | **PERSONAL PROPERTY** ☐ 370 Other Fraud | Conditions of Confinement | Income Security Act | and Corrupt Organizations ☐ 480 Consumer Credit |
| ☐ 153 Recovery of Veteran's Benefits | | ☐ 371 Truth in Lending | | **PROPERTY RIGHTS** ☐ 820 Copyright | ☐ 485 Telephone Consumer Protection Act (TCPA) |
| ☐ 160 Stockholders' Suits | | ☐ 380 Other Personal Property Damage | | ☐ 830 Patent ☐ 835 Patent - Abbreviated | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract ☐ 195 Contract Product Liability ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | | New Drug Application ☐ 840 Trademark 880 Defend Trade Secrets Act of 2016 (DTSA) | ☐ 850 Securities/Commodities/ Exchange ☐ 890 Other Statutory Actions ☐ 891 Agricultural Arts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **BANKRUPTCY** | **FORFEITURE/PENALTY** | **SOCIAL SECURITY** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | ☐ 422 Appeal 28 USC 158 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 861 HIA (1395ff) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 423 Withdrawal 28 USC 157 | | ☐ 862 Black Lung (923) | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment 443 Housing/Accommodations | | ☐ 690 Other | ☐ 863 DIWC/DIWW (405(g)) | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land ☐ 245 Tort Product Liability | ☐ 445 Amer. w/ Disabilities- Employment | **IMMIGRATION** ☐ 462 Naturalization Application | | ☐ 864 SSID Title XVI ☐ 865 RSI (405(g)) | |
| 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other ☐ 448 Education | ☐ 463 Habeas Corpus – Alien Detainee (Prisoner Petition) ☐ 465 Other Immigration Actions | | **FEDERAL TAXES** ☐ 870 Taxes (U.S. Plaintiff or Defendant ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |

## V. ORIGIN *(Check one box, only.)*

☐ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District (specify)
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION ( Enter U.S. Civil Statute under which you are filing and write a brief statement of cause.)

## VII. PREVIOUS BANKRUPTCY MATTERS (For nature of suit 422 and 423, enter the case number and judge for any associated bankruptcy matter previously adjudicated by a judge of this Court. Use a separate attachment if necessary.)

## VIII. REQUESTED IN COMPLAINT:

☐ Check if this is a **class action** under Rule 23, F.R.CV.P.

Demand $

CHECK Yes only if demanded in complaint:
Jury Demand: ☐ Yes ☐ No

## IX. RELATED CASE(S) IF ANY *(See instructions):* Judge          Case Number

## X. Is this a previously dismissed or remanded case? ☐ Yes ☐ No  If yes, Case #          Name of Judge

Date: _____    Signature of Attorney of Record _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority for Civil Cover Sheet

The ILND 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a) **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use
 (b) **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the
 (c) **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II. **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X"
 United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
 United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
 Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment
 Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

III. **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV. **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V. **Origin.** Place an "X" in one of the seven boxes.
 Original Proceedings. (1) Cases which originate in the United States district courts.
 Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
 Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
 Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
 Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
 Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C.
 Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
 **PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI. **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII. **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
 Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
 Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII. **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.